Dear Mr. Nungesser:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for an opinion regarding whether it is appropriate for assistant parish attorneys employed by Plaquemines Parish Government to be carried on the parish health plan and to be enrolled in the Parochial Employees' Retirement System.
The facts you provided indicated that the assistant parish attorneys are employed by the parish and are required to work exclusively in the service of the parish government not less than 28 hours per week.
With regard to the parish health plan, an Application for Group Coverage was entered between the Plaquemines Parish Government and HMO Louisiana, Inc. on November 15, 2007. The health plan is an HMO which is governed by the Group HMO Benefit Plan. The Schedule of Eligibility located in Article II, page 19 of the Group HMO Benefit Plan indicates the following with regard to who may be enrolled in the plan:
 * * * * * A. Eligibility
 1. Subscriber. To be eligible to enroll as a Subscriber, an individual must reside in the HMO Louisiana, Inc. Service Area and must be:
 a. an employee who has satisfied any criteria designated by Us, has satisfied any Eligibility Waiting Period required by the Group, and who *Page 2 
is working the number of hours designated by Us in the Application for Group Coverage;
 * * * * *
The definitional section of the HMO Louisiana, Inc. Group HMO Benefit Plan indicates that a "Subscriber" is "an employee, retiree or elected official who has satisfied the specifications of this Benefit Plan's Schedule of Eligibility and has enrolled for coverage, and to whom We have issued a copy of this Benefit Plan." Further, the Plan defines the "Service Area" as "those parishes in Louisiana shown in the HMO Louisiana, Inc. Provider Directory which lists all HMO Louisiana, Inc. Network Physicians, Hospitals and Allied Providers in the Service Area and "Eligibility Waiting Period" as "the period that must pass before an individual's coverage can become effective for Benefits under this Benefit Plan. If an individual enrolls as a Special or Late Enrollee, any period before such Special or Late Enrollment is not an Eligibility Waiting Period." Also, the notes to Section E of the Application for Group Coverage indicate that "eligibility is the 1st day of the month following 30 days of employment."
Notably, Section F of the Application for Group Coverage indicates that "by accepting benefits under this Benefit Plan, Group/Policyholder agrees to the following:
 * * * * * 6. All subscribers in the Group are full-time employees (30 hours per week minimum) or __________, except for retirees less than age sixty-five (65), unless the Company's records designate otherwise."
 * * * * *
Although there is no definitional section for the Application for Group Coverage, it appears that "Company" refers to the insurance company, HMO Louisiana, Inc.
Because the assistant parish attorneys are required to work a minimum of 28 hours per week, they are not full time employees as defined in the Application for Group Coverage. Thus, it seems that they would be eligible to be covered on the parish health plan only if designated in HMO Louisiana, Inc.'s records, assuming they meet the other requirements of the plan. If so, then an assistant parish *Page 3 
attorney would be eligible for enrollment on the 1st day of the month following 30 days of employment.
You also asked whether it would be appropriate for assistant parish attorneys to be enrolled in the Parochial Employees' Retirement System. La.R.S. 1921 (A) provides that the membership of the Parochial Employees' Retirement System of Louisiana shall be composed of all employees not specifically excluded by the provisions of that statute. La.R.S. 1921(A)(2) further provides that all individuals who become employees after the revision date shall become members of Plan A, Plan B, or Plan C as determined by the plan in effect for each employer.
According to La.R.S. 11:1902(12)(a), "employee" means any person who is employed as a permanent employee of a parish who works at least twenty-eight hours a week and whose compensation is paid wholly or partly by said parish, but excluding all persons employed by a parish or city school board, and all persons eligible for any other public retirement system in this state.
"Employer" is defined in La.R.S. 11:1902(13) to include any parish in the state of Louisiana, excepting Orleans and East Baton Rouge Parishes, or the police jury or any other governing body of a parish which employs and pays persons serving the parish.
An exception to the general rule of La.R.S. 1921 (A) is found in La.R.S. 11:1921(C), which provides that:
 Membership shall be optional for those persons entering employment on or after October 1, 1996, who are fifty-five years of age or older who have credit for at least forty quarters in the Social Security system. Such election shall be made within ninety days of employment or within ninety days after July 1, 1997, whichever occurs later. This shall not apply to rehired retirees.
Since the facts indicate that the assistant parish attorneys are employees of Plaquemines Parish Government who work at least twenty-eight hours a week and whose compensation is paid wholly or partly by that parish, assuming they are permanent employees, they must be members of the Parochial Employees' Retirement System of Louisiana unless they are eligible for any other public retirement system in Louisiana or meet the exception listed in La.R.S. 11:1921 (C). *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: _________________________
 BENJAMIN A. HUXEN II ASSISTANT ATTORNEY GENERAL
 JDC/BAH II:crt